## Van Orman v. Spafford, Clarke & Co.

1. EJECTMENT: EQUITABLE DEFENSE. An equitable defense may be pleaded in an action at law for the recovery of the possession of real property.

2. PRACTICE: METHOD OF TRIAL. When equitable issues are joined in an ordinary proceeding to recover the possession of real property they are triable by the first method prescribed by § 2617, Rev. 1860—that is upon written evidence in the District Court, and in the Supreme Court, *de novo* upon the law, and the facts, as the same appear of record.

3. SAME: TRIAL OF LEGAL AND EQUITALE ISSUES. When, in an action to recover the possession of real estate by ordinary proceeding, both legal and equitable issues are joined, the equitable issues should be first tried. If found for the defendant, they dispose of the case at law; if found against the defendant, the legal issues should then be tried. In the absence of any legal issues the equitable ones must be determined before any judgment is rendered for want of a defense at law.

4. SAME: TRIAL ON APPEAL: BILL OF EXCEPTIONS. When the appeal in such a cause is from the judgment on the issues of law, the Supreme Court will regard no evidence which is not presented by being embodied in or sufficiently identified by a bill of exceptions.

5. SAME. When evidence was not set out in a bill of exceptions, but was referred to as "hereto attached" without giving even the names of the witnesses, and the evidence in the record was not attached to the bill but appeared in another part of the transcript: *Held*, That the evidence was not sufficiently identified.

6. APPEAL: TRIAL ON EQUITABLE DEFENSE. An appeal from a decree entered on the determination of equitable issues found in an action to recover the possession of real property, should be tried *de novo* in the Supreme Court upon the *original* evidence properly certified.

7. SAME: EVIDENCE ON APPEAL. On the hearing of causes triable by the first method for the trial of equitable actions, the Supreme Court must be satisfied that the record presents all of the evidence heard in the court below. This may be shown by the recitals in the decree, or by the certificate of the judge or the clerk of the court below.

8. EVIDENCE: ADMISSIBILITY OF BOND. In an action to recover the possession of real estate, a defendant, claiming as the assignee of a bond to convey the same, may introduce in evidence the bond which is the basis of his defense, before showing that he is the legal assignee of, or equitably entitled to the rights which it conferred.

9. RES ADJUDICATA: PLEADINGS. To make a prior adjudication available as a plea in bar of a cause of action or defense, it must be set up as such in the pleadings.

*Appeal from Clayton District Court.*

THURSDAY, APRIL 26.

THE plaintiff brought this action *at law* in the usual form, to recover the possession of lot three (3), in block three (3), in the town of McGregor. The plaintiff claimed, on the trial, to deduce his title by conveyances from and under James and Duncan McGregor. The petition makes all of the occupants of the lot, parties defendant. These parties answer, disclaiming any title in themselves, and stating that they hold the said premises as tenants simply, under Spafford, Clarke & Co. One Jas. E. S. Southgate filed his petition to be allowed to intervene, on the ground that he was the purchaser and owner of all the interest of Spafford, Clarke & Co., in the lot in suit, and this petition was

granted. Southgate thereupon files an answer in denial, to the law action of the plaintiff. He also filed what is called his "cross-bill in equity," asking that the law action of the plaintiff might be transferred from the docket of ordinary causes to the docket of equity causes, and that the proceedings at law be stayed, until the equitable rights of the defendant shall have been heard."

This cross-petition set out at length the equitable title relied on by Southgate, and made various new parties.

Issue was taken upon it by the plaintiff. At the January term, 1863, there is a record entry to the effect, that the defendants to the action of the plaintiff, "file by leave of the Court, an amended answer, and the cross-bill of Southgate is dismissed by the Court."

To better understand the attitude of the case, it will be necessary to examine the allegations in this amended answer of Southgate, in which he claims to be the equitable and rightful owner of the premises claimed by the plaintiff. He alleges in substance, that on the 15th day of November, 1851, one James McGregor, Jr., and Duncan McGregor, by their attorney in fact, Alexander McGregor, executed and delivered to one Ira B. Briggs, a certain title bond for the lot in dispute, a copy of which is attached to the answer, conditioned to make title, upon the payment by Briggs of two promissory notes.

The answer then alleges that "on the — day of April, 1856, the said bond was assigned to one Jones & Bass by Anna Bonnell, the wife of said Ira B. Briggs, then deceased, and her husband, James Bonnell, who were the legal representatives of Briggs, and the holders of said bond, whereby the interest which the said Briggs had in the said premises, and the dower interest which the said Anna Bonnell, the widow of said Briggs, had in said premises, was assigned to said Jones & Bass."

It is then alleged, that on the 8th day of December,

1862, (1856) Jones & Bass conveyed and assigned their interest in the bond and premises, to Charles H. Spafford, and afterwards, viz.: on the 6th day of January, 1862, Spafford conveyed and assigned all of his interest to the defendant, Southgate, who further alleges "that he and those under whom he claims, have fully complied with the conditions of the bond, and are entitled to a conveyance of the legal title of the premises mentioned therein."

It is alleged that James and Duncan McGregor, were the owners at the date of the bond to Briggs, and that Alexander McGregor was their attorney in fact, duly authorized to execute said bond.

It is further alleged that the plaintiff acquired his title with notice of defendant's rights.

The prayer is that the petition of the plaintiff may be dismissed.

Southgate then sets up a claim for improvements to the value of $5,000, under the occupying-claimant law.

Upon the petition at law, the general answer in denial, and this amended answer, the parties "agreed to submit the whole case, in all of its bearings, to the Court."

The District Court rendered a decree dismissing the plaintiff's action for the recovery of the property, and perpetually restraining him from any further prosecution thereof, to which decree the plaintiff excepted.

The plaintiff's motion for a new trial being overruled, and exceptions taken, he now appeals to the court.

*J. W. Van Orman*, pro se.

*Noble & Beckwith* for the appellees.

DILLON, J.—One question which meets us at the threshold, and which as a question under the Revision had not been settled at the time this cause was tried below, is, whether an equitable defense can be pleaded to a law action

for the recovery of the possession of real property? The District Court held such a defense allowable, and this ruling accords with the doctrine of this Court as established by the case of *Rosierz* v. *Van Dam, ante.*

It will be seen by reference to the statement of the case, that the action of the plaintiff was properly commenced at law, or in the circumlocutory language of the Revision, by "ordinary proceedings." The defendant pleaded as a defense an alleged equitable title. The proper mode of proceeding in such cases is set forth in section 2617 of the Revision. These equitable issues, in a case like the present, in the absence of any consent (§§ 3000, 3001) to try according to the second method, would have to be tried according to the first method of equitable trials, that is, on written evidence in the District Court, and *de novo* in this court, on the law and facts as apparent of record. Rev., § 2999.

There being no legal issues presented by the amended answer, the appropriate practice would be to try first the equitable issues thus made. If these are, in a case like the present, found for the defendant, this disposes of the case at law. If these are found against the defendant, then if there are legal issues, they are next to be disposed of in the manner provided for the disposition of law issues. If there are no such legal issues, and if the equitable issues are found against the defendant, judgment is entered for the plaintiff on his petition at law.

As we understand the stipulation of the parties and the record, the legal and equitable division of the cause were not kept thus distinct. The whole case, legal and equitable, in all its bearings, was submitted in mass to the court without any stipulation as to whether the trial, either in the court below or in this court, should be as at law or in equity.

And this Court has, in consequence, been greatly at a

loss whether to treat this appeal as an appeal in a case by ordinary proceedings, or as an appeal in a case by equitable proceedings. If viewed as a law appeal, then we can regard no evidence that is not duly embodied in, or preserved by, a bill of exceptions; and the evidence in this case is not properly preserved, for instead of being set out in the bill of exceptions, the bill simply recites that the evidence is "hereto attached." The bill of exception does not contain the names even of the witnesses; nor is the evidence in the record "attached" to the bill, but is contained in another portion of the transcript. That this is not a sufficient identification of the testimony in a law action, see Revision, § 3109, and the case of *Lyon* v. *Brown & Thompson, ante.*

We cannot too often or too pointedly condemn the loose practice of clerks and attorneys in transmitting records in this manner, when the proper practice is so plainly pointed out by the statute and the numerous decisions of this court.

If, on the other hand, the present appeal is to be regarded as being from a decree in equity, then strictly the original depositions and papers, and not copies, should be certified. Rev., § 3512. But where, as in this case, copies, instead of the originals, have been sent, an objection to this course cannot be successfully urged, for the first time after the cause is submitted on its merits. See on this general subject *Ticonic Bank* v. *Harvey* (present term). Under the views we take of the present cause, we are relieved of the necessity of determining whether we ought to treat the appeal as being at law or in equity, for the same result is reached whether the appeal is viewed in the one light or the other.

The bill of exceptions recites that "the defendant (Southgate), offered in evidence a title bond, signed Alexander McGregor, as attorney in fact for James and Duncan McGregor, a copy of which is attached to the answer of the defendant Southgate." Plaintiff objected to the intro-

duction of the bond on the following grounds : 1st. Because defendant Southgate has no title or interest in the bond whatever. 2d. Because the equities of the defendant Southgate, in and to the bond, have been adjudicated upon in this court, between the parties in this case, and decided adversely to the defendant."

The Court overruled the objection, and permitted the bond to be introduced, to which the plaintiff duly excepted. The ruling was made the basis of a motion for a new trial, which was also overruled, and exceptions taken. Such a bond is referred to in, and a copy of it is attached to, the answer of Southgate. There is no other bond in controversy in the case. This bond is clearly and "unmistakably referred to" and identified (Rev., § 3109), and is, therefore, properly before us. By recurring to the statement of the case, it will be seen that this bond constituted the basis and foundation of Southgate's rights. It was executed and delivered to one Ira N. Briggs. This bond was alleged in the answer of Southgate to have been assigned to Jones & Bass (under whom by several mesne assignments, Southgate claims), by the widow of Briggs and her then husband, James Bonnell. Southgate alleges in his answer, that "he and those under whom he claims, have fully complied with the conditions of the said bond." Under these issues Southgate had a right to introduce the bond, that being the foundation of his alleged equitable rights. It was one link in the chain of his proof. ' He must first introduce the bond, in order to show his rights under it. When thus introduced, it would be another and subsequent question, whether he would be able to show that he was the assignee of, or equitably entitled to the rights which it conferred. The Court, therefore, properly overruled the objection to the reception of the bond in evidence, on the ground that Southgate had shown "no title or interest in the bond." He had a right to introduce the bond, and

afterwards follow it up by evidence, showing his title and interest in it. The second ground of objection to the introduction of the bond, because the rights of the parties had been adjudicated by the Court in dismissing the cross-petition of Southgate, was also properly overruled. If the plaintiff wished to rely upon this alleged adjudication as a bar to the defendant's defense, he ought to have set it up in his pleadings. *Cooley* v. *Brayton*, present term. He failed to do so, and hence, for this reason, if for no other, this objection to the introduction of the bond was rightfully decided.

This disposes of the case if treated as an appeal at law, and there is thus far, no error apparent of record.

We now turn and examine how the cause stands, viewed as an appeal in equity. Certain testimony is set out in the record. No bill of exceptions is necessary to preserve the evidence in an equity cause where the trial is by the first method. But in order that the cause may be heard *de novo* in this court, it is necessary that we should be satisfied from the whole record, that all the evidence upon which the District Court acted, is before us. Counsel for the defendant make the point that it does not appear that all of the testimony is contained in the record and we cannot disregard it.

In an equitable issue like that presented by Southgate's amended answer, the decree might, as decrees very frequently do, recite upon what testimony or upon whose depositions the cause was heard below, and if all this recited testimony appeared on the transcript, that would be sufficient. Or the judge who tried the cause might certify upon what testimony it was heard. But in this case, there is no such recital in the decree, and no such certificate of the judge. Or the clerk might certify that the depositions transmitted or copied, constitute all of the testimony. But the clerk only certifies that he has sent a "transcript of all

of the papers, and pleadings, and record entry which I have been required to copy by the plaintiff in said cause." Under the prior decisions of this court (*Anderson* v. *Eaton,* present term, and cases there cited), we are precluded from examining the cause anew on its merits, for the reason that the plaintiff has not, in any way, made it appear that he has brought before us all of the evidence on which the cause was tried below.

That court found that the equitable defense was established, and as the record does not enable us to review this finding upon its merits, there remains nothing further to do but to affirm the decree.

Affirmed.