## Van Orman v. Spafford, Clark & Co.

1. **Practice:** ORDER RELATIVE TO FORMER DECREE. The power of the Supreme Court to open a decree entered at a preceding term and to hear the cause *de novo*, such decree having been entered because of the condition of the record, and not upon the merits of the case, doubted; but when demanded by substantial justice it may be ordered that such decree shall not conclude either of the parties in another action relating to the same subject matters.

*Appeal from Clayton District Court.*

SATURDAY, APRIL 7.

*J. W. Van Orman* and *Grant & Smith* for the plaintiff.

No appearance for the defendant.

DILLON, J. — The nature of the action will be found by referring to the same case, 16 Iowa, 186. It will be perceived that the contest is between the plaintiff and Southgate. Both parties claim under the McGregors: the plaintiff a legal title by virtue of judgment and deeds; Southgate an *equitable* title, by virtue of the title bond to Briggs, under which he claims, by an alleged assignment. Southgate's tenants are in possession.

<div style="margin-left:2em">1. PRAC-TICE: order relating to former decree.</div>

The cause was, as stated in the report of the case in 16 Iowa, submitted to the District Court in all its bearings, equitable and legal, and that court refused to grant Southgate any equitable relief, and also rendered judgment dismissing the plaintiff's action at his costs, and ordered a perpetual injunction restraining the "plaintiff from proceeding any further in the prosecution of his said suit against the defendants." From this judgment or decree both parties appeal. The plaintiff's appeal was the one before us, as reported in 16 Iowa, 186. The case was not decided upon the merits, because the condition of the record and the transcript precluded it. Southgate also gave notice of an appeal, and the transcript under that appeal has been filed, by which party we do not know.

The plaintiff heretofore made a showing that the determination of the case in 16 Iowa, upon the point made that the record did not contain all of the testimony, was a surprise upon him. The present transcript shows that, in point of fact, all the testimony was before us on the former appeal.

The case was, as before stated, a *hybrid;* neither law nor equity, but both compounded and submitted together.

The plaintiff has made an application, supported by affidavit, asking that we shall now examine the case anew, and render a final decision on the merits. This we feel constrained to decline to do. On the plaintiff's application, we doubt our power to do this.

But the case now stands in a posture not a little singular.

The plaintiff claims to have the legal title, without the means of obtaining possession. Southgate claims an equitable title, but his right thereto seems not to have been determined by the court.

On the whole, the former orders of this court are affirmed, as well as the judgment of the District Court, but with the modification, that nothing in the judgment or

decrees of either court shall preclude the plaintiff from again bringing an action to recover the possession of said lot; nor the defendant, Southgate, from setting up any defense legal or equitable thereto, or claiming affirmative relief. In other words, the former adjudications are to conclude neither party. In the peculiar state of the case, and of the record, we see no other order that will certainly do justice without essentially prejudicing either party. By consent, the parties could reinstate the cause in the District Court, and try the same in the mode pointed out in the former opinion, upon the testimony already taken, as well as any other testimony that may be produced by either party.