Van Orman v. Merrill.

## VAN ORMAN v. MERRILL.

1. Practice: EQUITABLE DEFENSES. Where the answer in an action at law to recover the possession of real property sets up defenses, some of which are legal and some equitable, and the case is tried without any steps being taken by either party to separate the issues thus made, and to have them tried separately, it will, on appeal to the Supreme Court, be considered as one case only, notwithstanding two notices of appeal were served by the appellant, one purporting to be in an appeal from the judgment of the court below on the legal issues, and the other from its judgment on the equitable issues, and two transcripts, as of separate cases, one at law and the other in chancery, are filed in this court.

2. ——METHOD OF TRIAL. When equitable issues are thus joined in an action of the character above mentioned, the proceeding will, on appeal, be considered as in equity, and determined by the rules applicable to chancery cases. BECK, J., not concurring.

3. Notice: POSSESSION. A purchaser of real estate in the possession of one claiming the equitable title under a contract of purchase will

be held charged with constructive notice of the rights of the latter.

4. Bond: FORFEITURE: VENDOR AND VENDEE. Under the facts of the present case, it was *held*, that there was such a substantial compliance with the conditions of a title bond, by the vendee, as to prevent a forfeiture on his part.

*Appeal from Clayton District Court.*

THURSDAY, OCTOBER 7.

THIS suit was originally brought at law to recover the possession of certain real estate in the city of McGregor. The defendants set up certain equitable defenses in their answer. The cause was referred by consent, and upon report of the referee judgment was rendered for defendants. Plaintiff appeals. The facts are fully set out in the opinion.

*Wilson & Doud, J. W. Van Orman* (*pro se*), for the appellant.

*Noble, Hatch & Frese, James O. Crosby,* for the appellee.

BECK, J.— The answer of the defendants contains the following defenses in the action, viz.: 1. That they hold the equitable title to the property in controversy, derived from one who had contracted with the grantors of plaintiff to purchase it, and had received a title bond for its conveyance upon payment of the purchase-money. This was before the purchase and deed of plaintiff, under which he claims title. The facts and conveyances under which defendants claim the equitable title need not be fully set out. 2. That plaintiff, in 1862, brought an action to recover the possession of the property against one who was then in possession and the holder of the equitable title, and under whom defendants claim. In that action, upon

his equitable answer and cross-bill, the defendant was found to hold the equitable title, and plaintiff's action was dismissed, and he was forever enjoined from the further prosecution thereof. This cause was appealed to the Supreme Court, and there affirmed. Defendants, relying upon this adjudication of the title of said property, purchased it in good faith for a valuable consideration. 3. That defendants, and those under whom they claim title, have been in the continued and uninterrupted possession and occupancy of the property, and have paid all the taxes thereon since the 15th day of November, 1851.

The equitable defense thus made in the answer is authorized by Revision, section 2880. *Kramer* v. *Conger*, 16 Iowa, 434. The answer is also made a cross-petition, and affirmative relief is claimed.

The facts thus pleaded in the answer as defenses and grounds of equitable relief are denied, or new matter set up by way of avoidance in plaintiff's replication or answer to the cross-petition. The facts relied upon by plaintiff as defenses to the cross-petition will be hereafter noticed so far as they are involved in the points which we will find it necessary to determine.

After the defendant's answer and cross-petition was filed, and before the filing of plaintiff's replication thereto, upon consent of the parties, the cause was referred, the referee to have power to determine all questions arising upon motions and pleadings, as well as the merits of the case, and to take and report the evidence with his findings of facts and law. No question was raised in any stage of the proceedings either before the referee or court upon the pleadings or as to whether the case should be prosecuted and considered as at law or in chancery, and no order was made upon this point. The parties seem to have been content with presenting the merits of their respective claims without regard to order or precedence or

any of the rules of procedure, which so greatly aid courts in the administration of the law. As we shall see, their omissions in this respect have caused us no little perplexity. Had proper orders been made for the trial of the separate issues, either as equitable issues, or issues at law, and according to their true nature, and the rules of the different forums, in which they are properly cognizable, we would have been relieved of at least one doubtful question arising upon the record. It seems a little strange that, after what this court said, in *Van Orman* v. *Spofford et al.* (16 Iowa, 186), of the importance of keeping the legal and equitable divisons of the cause distinct, it was not done in this case, thus avoiding the difficulties there mentioned.

The referee found against defendants on the issues made upon the answer and cross-petition setting up equitable title in themselves, derived under the title bond executed by plaintiff's grantors. He found in favor of defendants on their answer setting up a former adjudication of plaintiffs' title and a decree enjoining him from further prosecuting the suit to recover the property, and that defendants bought the property in good faith, relying upon the adjudication as a settlement of the title and the disputes concerning it. He also found that defendants were protected in their possession of the property by the statute of limitations. The legal title to the property, by a stipulation filed with and reported by the referee, in effect, is admitted to be in plaintiff.

Upon the filing of the report of the referee, the plaintiff moved that judgment be rendered thereon in his favor for the possession of the land, because: 1. According to the admission of defendants and the report of the referee, he holds the legal title to the property. 2. The answer of the defendants improperly joined legal and equitable defenses, or, in the words of the motion: " The de-

fendants' answer is a hybrid, joining law and equity together in the same answer and in the same count." This motion was overruled and the report of the referee confirmed, and a judgment or decree accordingly entered for defendants, granting, however, no relief upon their cross-petition — the intent of the court appearing to be to bar plaintiff's right to recover without finding and so decreeing that the equitable title is in defendants. From these proceedings plaintiff appeals. He serves two notices. In one he gives notice of appeal from the judgment of the District Court confirming the report of the referee, so far. as it finds that plaintiff's action is barred by the statute of limitation, and that defendants are protected in their title to the property because of their purchase in good faith and for a valuable consideration, relying upon the adjudication in the former action. He also appeals from the judgment dismissing his action, and for costs. In the other notice he specifies that his appeal is from the order overruling his motion for judgment upon the report of the referee. Two transcripts of the proceedings are made and filed in this court, as separate cases, and are so argued and presented by the plaintiff. One is denominated a law action, the other a chancery suit. The record in the case which is claimed to be a law action is a transcript from the same papers that are found in the other, but not of all of them.

1. The question first presented for our determination is this one: Are there two causes before us, or do the two records constitute but one case? In our opinion, we have before us but one case. No steps were taken by either party to separate the equitable defense properly made under Revision, section 2880, from the legal defense contained in the same answer, and to try them separately, according to the rules that obtain in the proper forums to which each should have been assigned.

1. PRACTICE: equitable defenses.

But, on the contrary, the parties consented to refer the whole case, just as it was upon the filing of the answer, to a referee, to be tried by him upon the law and the facts. He was not only authorized to try the legal, but also the equitable issues. No objections were made by plaintiff to the proceedings until the referee's report was filed. He then objects to judgment thereon, because the answer mingled legal and equitable defenses, and the case had thus become, in the language of his motion, a "hybrid." As he had consented to its assuming this character, his objections based thereon ought not to be heard. As there are "hybrids" in nature, we do not know why they may not exist in legal proceedings, when they are the fruit of the consent of parties. Their existence is rather condemned by correct principles of practice than rendered impossible from the nature of the remedies and proceedings thus amalgamated by the consent of parties. The case must be considered in this court as it was in the court below. It was prosecuted as one case there, so we will regard it.

II. Defendants insist that the case, as it is presented to this court, must be considered as a chancery proceed-

2.— method of ing, while plaintiff contends that there are
trial. two cases, one law, the other chancery.

We hold that there is but one cause. The same question arises which was so perplexing to this court in *Van Orman* v. *Spafford et al.* (16 Iowa, 190), namely: Is it to be determined by the rules applicable to law or chancery cases? Upon this question we are not united in opinion. Notwithstanding our difference of views, we arrive at the same conclusion as to the proper disposition of the case. That it may not be considered that we give sanction to such loose practice as is exhibited in this case, it may be understood that this decision will not be regarded as a precedent, binding us to entertain hereafter, like appeals,

or to grant relief to parties bringing their causes before us in a like shape.

In my opinion, the case in this court should be considered and determined as an action at law. The equitable defense was made, and the case referred and tried thereon without objection. It was brought as a law case properly. The defenses were both legal and equitable. No objection was made by plaintiff to the equitable defense, nor any steps taken to separate it from the legal defenses, and try it as an equitable issue. See Rev., § 2613. *Bates* v. *Cohn*, 17 B. Monr. 167; *Trustees of Lebanon* v. *Forrest*, 15 id. 172; *Petty* v. *Mabee*, id. 604; *Lansdale* v. *Mitchell*, 14 id. 349.

The spirit of this statutory provision and of these authorities, seems to sustain the position that, inasmuch as no objection was made until after the trial by the referee and the filing of his report, to the trial of the equitable with the legal defenses, it cannot now be made, and the plaintiff is precluded from claiming a trial in this court under the chancery rule. It is the case of an equitable action tried by consent as a law case. It ought, in my opinion, to be so tried in this court.

Considering the appeals before us as one law case, the plaintiff may be regarded as having appealed generally from all orders and judgments of the District Court, to which proper exceptions were taken. His two notices may be taken as one.

There was no error in overruling plaintiff's motion for judgment upon the report of the referee. The admission in defendant's answer, that plaintiff holds the legal title of the property in dispute, is answered by the equitable defense pleaded in avoidance. The objection based upon the fact that the answer is a "hybrid" came too late. The objection to the judgment based upon the exception to the report and findings of the referee cannot be con-

sidered, because the evidence is not preserved by bill of exceptions, and a transcript thereof presented in this court. *Van Orman* v. *Spafford et al.*, 16 Iowa, 186.

But, waiving this objection to the record, I am of opinion that the judgment of the court below must be affirmed. I entertain great doubt, however, as to the correctness of the finding of the referee upon the questions of law and fact growing out of the defenses of former adjudication and the statute of limitation. Without determining these questions, I am quite clear that the judgment must be affirmed. The equitable defense, as I shall hereafter show, was well sustained by the evidence. The referee's finding upon that defense was, in my opinion, clearly erroneous, in holding that it was not a bar to plaintiff's action; he should have sustained that defense. While, therefore, his findings as to the effect of the former adjudication and the statute of limitation may be erroneous, they are so without prejudice, for he should have found against plaintiff on the equitable issue.

In the view that this is a case at law. I am clearly of the opinion that the judgment of the District Court should be affirmed.

Should the case, as it is before us, be considered a chancery action and so tried, which is the view of the majority of the court, but to which I am not prepared to assent, I would be equally clear in holding that it should be affirmed. If so considered, it must be tried *de novo*, on the merits. Upon the evidence, we have no hesitation in holding the equitable title to be in defendants, and concur in our conclusions if it is to be considered as a chancery case.

A brief statement of the conclusions of fact to which the evidence leads us is necessary for a proper understanding of this branch of the case.

James and Duncan McGregor were the original owners of the property in dispute. They executed a power of attorney to Alexander McGregor, authorizing him to sell the lot with other lands, who, under this power of attorney, executed a title bond to convey the property to one Briggs, taking two notes, payable to bearer, to secure the purchase price. By this bond Briggs was bound to erect a building upon the lot. Briggs went into possession of the lot, and made an excavation preparatory to a building, but erected none. Alexander McGregor transferred Briggs' notes to Lockwood in payment of his own debt. Briggs delivered to Alexander McGregor a yoke of oxen in part payment of the notes. McGregor delivered these oxen to Lockwood, and the price thereof was indorsed on the notes. Briggs died, leaving a widow and four minor children. His widow intermarried with one Bunnell. She and Bunnell, her husband, for the purpose of paying to Jones & Bass a claim they held against Briggs' estate, assigned to them the title bond for the property. No administration was taken out on the estate of Briggs. Jones & Bass paid to Lockwood the balance due on the notes and took them up, and assigned the bond to Spafford. In an action for partition, between James and Duncan McGregor, the lot was set off to James, the decree reciting that a title bond had been given for it, and that another lot, for which a title bond had also been executed, was set apart to Duncan. Valuable improvements were made, by those claiming title under the bond, upon the lot. James McGregor conveyed, by a deed of quitclaim, the property to plaintiff, who had notice of the existence of the title bond. The plaintiff brought an action, to recover the possession of the lot, against Spafford and another. The defendants in that action, the grantors of defendants herein, set up an equitable defense, and plaintiff was enjoined from

prosecuting the action to recover the property. The case was brought to this court, and will be found in 16 Iowa, 186. No further notice need be taken of this action, as in this opinion we base no right of defendants thereon.

Under proper authority, the guardian of the heirs of Briggs conveyed the lot to defendants' grantors, or one under whom they claim title. Bunnell and wife also conveyed their interest to the same person. After the decision of the former case in this court, but subsequent to the order re-instating it on the docket, defendants purchased the property.

We are united in the opinion that the bond was executed under proper authority of James and Duncan McGregor, and that the payment of the notes did operate to comply with the conditions of the bond, and inure to the benefit of the obligee and those claiming under him. The notes were payable to bearer, and being, therefore, transferable by delivery, those claiming under the bond were authorized, in the absence of or without notice of fraud, to pay them to any holder, and could not be charged with the duty of inquiring whether they had been properly disposed of by the attorney of the payees. Admitting that they were improperly transferred by Alexander McGregor, it is not pretended that those paying the notes had notice of that fact, or paid them for any improper purpose or in bad faith.

The assignments of the bond by the widow of Briggs, and her deeds, together with the deeds of the guardian of the minor heirs, transferred all the interest held by them in the property. It is simply a case of the conveyance of the title of land by the heirs and widow of a deceased owner.

Plaintiff purchased the lot when those holding the equitable title were in possession, and after they had

Van Orman v. Merrill.

3. NOTICE: pos-   erected valuable improvements thereon. He
session.          had constructive notice of their rights and
equities. He besides had notice in fact of the outstand-
ing equitable title, and that those in possession claimed
under it. The conveyance to him was by a quitclaim deed.
He was not, therefore, a purchaser in good faith, with-
out notice of the equitable title and for a valuable con-
sideration.

The bond stipulates that Briggs shall, within a time
specified, erect a house of a given size upon the lot. The
4. BOND: for-    time fixed for its completion was prior to the
feiture: vendor
and vendee.      maturity of the notes. No building was
erected by Briggs, and not until long after the maturity
and payment of the notes did those claiming under him
build upon the lot. Plaintiff insists that this failure
worked a forfeiture of the contract, and that it cannot
therefore be enforced. Without determining whether,
under the peculiar phraseology of the bond, the obligors
could have treated it as forfeited upon the non-compliance
of the obligee and those claiming under him with this
stipulation, we are of the opinion that, in view of the
peculiar facts of the case, the plaintiff cannot now main-
tain such objection to the validity of the instrument.
The attorney in fact of the obligors transferred the notes
before their maturity, and, after the time stipulated for
the completion of the building, received from Briggs
property in payment, and delivered it as payment to the
holder of the notes. No act was done or notice given by
the obligors indicating an intention on their part to treat
the bond as forfeited on account of the non-performance
of the stipulation. The notes were paid in full, and
afterward a building was erected upon the lot greatly ex-
ceeding in value and dimensions the one provided for in
the bond. Under this state of facts, equity will consider
the conditions of the instrument substantially performed,

and will not permit plaintiff to urge an objection to its validity that seems never to have been thought of by his grantee and the other obligor, and which could not now be sustained without gross injustice.

An order will be entered consoldidating the two causes standing upon the docket of this' court, and they will accordingly be regarded as one case.  The judgment of the District Court, so far as consistent with this opinion, will be affirmed.

As the cause is held by this court to be a chancery proceeding, a majority of the judges concurring in this view, a decree will be entered here, quieting defendant's title to the lot in dispute, and forever enjoining plaintiff from setting up his title thereto.   This seems necessary, as the decree of the District Court is somewhat objectionable in one or two points, which it is unnecessary to specify.

Affirmed.