Tugel v. Tugel & Tagen.

Tugel v. Tugel & Tagen.

**Practice:** OBJECTION TO FORUM CANNOT FIRST BE MADE ON APPEAL. Objection cannot first be made in the appellate court that the remedy sought in a chancery action should have been claimed at law.

*Appeal from Dubuque District Court.*

Monday, June 8.

Action in chancery. The petition charges that defendant, Frederick Tugel, who is the son of petitioner, in 1868, borrowed of him $500; that afterwards petitioner demanded of defendant a note and mortgage to secure the debt, and defendant executed a writing in the German language, which he represented to plaintiff to be the security required; that the petitioner is old and infirm and unable to read writing; that he relied upon the representations of his son to the effect that the paper was just what he wanted, and would secure the payment of the money loaned, that the writing was indeed nothing more than a statement rehearsing that plaintiff had loaned his son the money, and that defendant would repay it as soon as he could get it, and plaintiff wanted it. It is further charged that the son in order to defraud plaintiff had conveyed his property, the real estate upon which plaintiff supposed he was getting security, to the other defendant Tagen; that such conveyance was wholly without consideration, and for no other purpose than to defeat plaintiff in the collection of his debt, and that Tagen has never taken possession of the property conveyed. It is averred that the fraud practiced by the son in executing the paper was not until recently discovered. The relief asked is that defendant Tugel be required by proper decree to perform his contract, and to execute the mortgage agreed upon to secure the note, and in case he fails to do that a judgment be rendered against him, which shall be a lien upon the property; that the deed to Tagen be declared void and be cancelled, and for other and further proper relief. The defendants separately answered, denying the allegations of the petition.

Upon a final hearing a judgment was rendered against defendant Tugel for the amount of the money borrowed with interest, which was declared to be a lien upon the property of defendant, Tugel, described in the petition and the deed to Tagen was declared to be fraudulent and void. Defendants appeal.

*R. E. Bishop, E. McEnery*, for appellants.

*Graham & Cady*, for appellee.

Beck, J.—We are well satisfied by the evidence of the fraudulent character of the conveyance by defendant Tugel to his co-defendant Tagen; that it was without consideration, and made to defeat the claim of plaintiff. The evidence is equally clear in support of the charges made in the petition as to the misrepresentations and fraud of the son in relation to the writing executed to the father, and of his agreement to make and deliver a mortgage to secure the debt. The effort of the son to support his defense, that the writing was not executed by him, entirely fails. The indebtedness of the son is clearly established; in fact, it is not denied by him. A discussion of the evidence upon these issues of fact we will not attempt, but content ourselves with stating our conclusions thereon.

I. It is first insisted that plaintiff's remedy is at law, which would afford him relief by a judgment for the amount of his claim for the money borrowed by the son.

PRACTICE: objection to forum.

This may be admitted, and that his remedy should have been sought in that way. It was sought, however, in this action without any objection in the court below to the forum. It is too late now to interpose such an objection. Rev. § 2613, Code 2514. *Van Orman v. Merrill*, 27 Iowa, 476; *Balis v. Calvin*, 17 B. Mon. 167.

II. It is next claimed the evidence establishes the intention of the parties to the effect that the instrument executed by the son was only to be effective at his death. We are spared the consideration of the effect of the instrument viewed in that

light, as we do not find the evidence supports such a conclusion of fact.

No other points are presented in the case demanding consideration. The judgment of the District Court is

AFFIRMED.