| 53 | 89 |
| 80 | 135 |

| 53 | 89 |
| 135 | 580 |

## LOAN v. HINEY AND ETZELL.

1. **Practice:** JOINDER: SALE OF INTOXICATING LIQUORS. Under sections 1557 and 1558 of the Code a joint action, to recover for injuries to a wife from the sale of liquors to her husband, and to charge the premises on which the liquors were sold with the lien of the judgment, may be maintained against the seller and the owner of the property.

2. ———: JURY TRIAL: LIEN. Such action is triable as an action at law as against both defendants, and either party is entitled to a jury; the lien following as a matter of law upon the finding of the facts requisite under the statute in favor of the plaintiff.

*Appeal from Johnson District Court.*

WEDNESDAY, MARCH 17.

THIS action was commenced in the Circuit Court to recover damages alleged to · have been sustained by the plaintiff because of the intoxication of her husband, caused by liquor sold him by said Hiney. The plaintiff· asked that the judgment be made a lien on certain real estate owned by the defendant Etzell. There was a trial by jury; verdict and judgment against Hiney, but the jury found in favor of Mrs. Etzell in respect to the lien claimed. The finding, as to Mrs. Etzell, was set aside. Thereupon, by consent of parties, the cause was transferred to the District Court. When the case came on for trial in said last named court the defendant Etzell demanded a jury, which was refused, and she excepted. Thereupon the case was set down for hearing and tried as an equitable action, and there was a decree establishing the lien The defendant Etzell appeals.

*Fairall & Fairall* and *Bonorden & Ranck*, for appellants.

*Remley & Swisher*, for appellee.

SEEVERS, J.—When this cause was before us at a former term, a majority of the court were of the opinion the defendant Etzell was not entitled to a trial by jury, but upon further argument we have concluded this was not correct. Our reasons, briefly stated, are as follows:

The action against Hiney was brought under section 1557 of the Code, which, in substance, provides that a wife may recover damages against one who sells her husband liquor, thereby causing him to become intoxicated, by reason of which she is injured in person, property, or means of support. The action against Mrs. Etzell was grounded on section 1558 of the Code, which provides that, "for all  *  *  judgments rendered of any kind against any person for any violation of the provisions of this chapter, the personal and real property  *  *  of such person, as well as the premises and property, personal or real, occupied and used for that purpose with the consent and knowledge of the owner thereof,  *  *  by the person  *  *  selling intoxicating liquors contrary to the provisions of this chapter, shall be liable, and all such  *  *  judgments shall be a lien on such real estate until paid."

That these actions were properly joined was held in *La France v. Krayer*, 42 Iowa, 143. It was the right of Mrs.

1. PRACTICE: joinder: sale of intoxicating liquors.
Etzell to contest the claim against Hiney, and this being true the plaintiff properly joined her in that action, so that she would be concluded by any judgment that might be rendered against him. The issues in the case at bar, when tried in the Circuit Court, were: *First*, did the defendant Hiney sell liquor to the plaintiff's

2. ———: jury trial: lien.
husband, thereby causing him to become intoxicated, whereby she was injured in her person, property, or means of support? and, *Second*, did Mrs. Etzell consent and have knowledge of such sales?

As to the first proposition, there is no doubt but *all* the defendants were entitled to have such issues tried by jury. If waived by Hiney, one could have been demanded by Mrs. Etzell. This is so because the action and issue were clearly legal, or at law, as distinguished from an equitable action or issue. Code, sections 2508, 2513, 2740. This being so, why should not the remaining issue be tried in the same manner. The only answer is, because when such issue is found in favor of the plaintiff, the court is required to establish a lien, and this it is the peculiar province of a court of chancery to do.

We think the lien is established by statute and not by the court. The required facts being found, the lien follows as of course. The property on which the lien is sought must be described in the petition. If not owned by the parties to the action, the lien, if established, would be a nullity. The question of ownership would not probably arise, but if it should, such issue could be determined by the jury. Titles to real estate are usually so determined, and this necessarily, in many cases, includes questions as to boundaries and the extent of the particular estate. In the case at bar there were no questions of this character. · All the court or jury had to determine was as to the consent and knowledge of Mrs. Etzell. Certainly this could be well tried by jury. No equitable principles whatever were involved. The action was at law, and we are unable to see there was any equitable question or issue to be determined. For when there was the required finding in favor of the plaintiff the statute declared the judgment should become a lien on the real estate. To declare this did not require the aid of a court of equity. The duty of the court was of a purely legal character. We are unable to see why the required facts might not have been found by the jury under proper instructions in the form of a general verdict. But if the court, in its discretion, should conclude otherwise and direct a special verdict, as provided in sections 2806 and 2807 of the Code, such course could be well taken.

It is barely possible cases may arise in which there are

questions as to priority of liens or other questions which it would require the aid of a court of equity to determine. But in the case at bar the remedy of the plaintiff was full, complete, and adequate at law, and, therefore, the court erred in denying to Mrs. Etzell the right of a trial by jury.

REVERSED.