## BALCH v. ASHTON & Co.

1. **Practice in the Supreme Court**: MANNER OF TRIAL. An action which has been tried by equitable proceedings in the court below, without exception being taken to such manner of trial, will be heard as an equity case by the Supreme Court on appeal.

2. **Contract**: CONSTRUCTION OF: SALE. A written contract construed and held to be one of sale and not of agency, and the rights and obligations of the parties thereunder determined.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, JUNE 17.

ACTION upon a contract set out in the opinion. Upon motion of plaintiff, the cause was transferred to the equity docket. A judgment was rendered for plaintiff. Defendants appeal.

*S. L. Baker*, for appellants.

*W. C. Grohe*, for appellee.

BECK, J.—I. The action was brought at law upon a contract in the following words:

"DELAMAR, September, 29, 1875.

(Clause 1.) "We hereby agree with each other as follows: That said S. R. Gold, of the first part, has taken about $1,500 worth of boots and shoes, more or less, of Balch & Co., of the second part, for which S. R. Gold agrees to pay in a note six months from date of same fifty cents on the dollar of invoice of goods.

(Clause 2.) "Goods to be sold, and if they bring invoice price in full, Balch & Co. shall have seventy-five cents on the dollar, and S. R. Gold twenty-five cents on the one dollar, or value, to make up same amount note calls for first given; the first one-half to be paid in full before clause two takes effect.

"If the goods sell at over invoice prices, Balch & Co. shall have pay at invoice prices in full.

"(Signed)        S. R. GOLD,
                                     BALCH & Co."

The original petition alleges that the contract was executed by Gold for and on behalf of defendants, and that the goods contemplated in the contract were received by defendants, who have failed to account and pay therefor. An amended or substituted petition was filed, which alleges that goods of the value of $900 were delivered to defendants under the contract, and were sold by defendants; that all accounts and evidence of sales are within their knowledge, and that they have refused to account or pay for the goods under the contract. The petition admits that the notes provided for by the contract have been paid, and prays that an account of the sales be taken, and a commissioner be appointed to take an account and evidence, and report the same to the court.

The answer of defendants admits the execution of the contract, and the receipt of the goods, and alleges that they have paid plaintiff therefor the full amount provided for by the contract. Defendants also allege that their books were des-

troyed by a fire, and that while the books were in existence defendants offered them to the inspection of plaintiff.

II. Upon motion of plaintiff the cause was transferred to the equity docket, to be tried as an equitable action. This order is now assigned for error. But plaintiff shows that no exception was taken to the ruling in the court below, and that the statement in the abstract of such exception is incorrect. This correction of the abstract is not controverted by defendants; it must, therefore, be taken as true, under a familiar rule of practice in this court. As we are required to hold that the order in question was not excepted to in the court below, it cannot be reviewed here.

1. PRACTICE in the supreme court: manner of trial.

III. The cause having been regarded in the court below as an action in chancery, and so tried, it must be heard in this court as prescribed by the rules applicable to equity cases. *Van Orman v. Merrill,* 27 Iowa, 476; *Tugel v. Tugel and Tagen,* 38 Iowa, 349; *Green v. Marble,* 37 Iowa, 95; *Richmond et al. v. The D. & S. C. R. R. Co. et al.,* 33 Iowa, 422.

IV. We will proceed to consider the case upon the evidence before us, regarding it as triable here *de novo.* It will be first necessary to briefly consider the contract which is the foundation of the action. The defendants undertake to pay fifty *per centum* of the invoice price of the goods, and to execute their note therefor. The notes have been paid, and no question arises upon this part of the contract. It is next provided that if the goods are sold at or above the invoice price, further payments are to be made to plaintiff. Upon this provision of the contract the controversy before us arises. The provision is plain and demands no other interpretation than is readily drawn from its language.

2. CONTRACT: construction of: sale.

The rights and duties of the parties under it must be considered. The defendants do not obligate themselves to sell the goods at, or above, invoice prices. But the law imposes

upon them the duty of using reasonable efforts to sell the goods for the best price that can be obtained.

The relation of agency is not created by the contract. Defendants became the owners of the property, not plaintiff's agents. We may concede for the purposes of this case, as claimed by plaintiff, that defendants were bound to keep an account of the sales of the goods, and report the same to plaintiff; this point we do not, however, decide. The effect of a failure to perform this duty we will hereafter consider.

V. We will now turn to the evidence, and state the conclusions we reach ˑupon the facts to which these rules are applicable:

1. The testimony clearly establishes that defendants did use reasonable diligence and efforts, in the sale of the goods, to make them sell for the best prices they would bring in the market.

2. We think the testimony quite satisfactorily establishes that the goods were sold for less than the invoice prices.

3. The defendants kept no separate account showing the prices at which each article was sold, or showing the aggregate of all the sales.

VI. The plaintiff insists that because defendants failed to keep an account of the sales, they are liable as though the goods were sold at or above invoice price. Counsel base this position upon the claim that defendants are to be regarded as agents of plaintiff. But, as we have seen, the relation of agency does not exist between the parties.

It is also argued by counsel that as defendants were charged with the duty of keeping an account of sales, which they failed to perform, the presumptions of the law are against them, and they are chargeable with the value of the goods at the highest prices. This rule would probably apply in the absence of evidence establishing that the goods were, in the exercise of proper diligence, sold for less than the invoice prices. Upon this question of fact the evidence is not as clear and direct as it could have been made. One of the defendants, and a

clerk in their employment, testify as to the price at which the goods were sold. As we understand the testimony they were marked for sale below the invoice price, and were often disposed of at prices less than indicated by the marks. The record discloses the fact that the examination of these witnesses was not conducted with the care, and in as close and thorough manner as the nature of the case, and character of the facts sought to be elicited, demanded. The fault in this respect is chargeable to plaintiff.

Defendants having, in the exercise of due care and diligence, sold the goods at less than the invoice prices, no prejudice resulted to plaintiff from the failure of defendant to keep and report an account of the sales.

We conclude the judgment of the court below is not supported by the testimony and law. It is, therefore, reversed. A decree will be entered in this court dismissing plaintiff's petition.

REVERSED.