## GIBBS BROS. v. COONROD ET AL.

1. **Practice**: ERROR IN KIND OF PROCEEDINGS: WAIVER OF. A failure of the defendant to move for the transfer of a case erroneously commenced as an action in equity, before answering, is a waiver of the error, and of the right to demand a jury trial.

*Appeal from Mahaska Circuit Court.*

SATURDAY, OCTOBER 23.

ACTION upon a promissory note. One of the defendants was a surety who filed an equitable answer asking that the contract expressed in the note be reformed. There was a judgment for plaintiff. The defendant, who is surety on the note, appeals. The facts of the case appear in the opinion.

*M. E. Cutts*, for appellants.

*John F. Lacey*, for appellee.

BECK, J.—I. By an amended and substituted petition plaintiffs allege that when the instrument was executed it was agreed by the parties that the time for the payment of the note might be extended, upon payment of interest, without impairing the liability of the surety, and that it was the intention of all the parties to embrace the agreement in the body of the note, but by mistake and inadvertency it was not done. The surety had pleaded to the original petition that he was discharged for the reason that the time had been extended to the principal in consideration of the payment of interest. The amended and substituted petition was filed October 16, 1877, and an answer thereto was filed November 6th, following. The cause appears to have been transferred to the chancery docket, but the date of such transfer is not shown by the abstract.

On the 17th of February, 1879, the surety moved the court

Gibbs Bros. v. Coonrod.

to transfer the cause to the law docket, and set it down for trial by ordinary proceedings, on the following grounds: ·

1. The facts stated in the substituted petition do not show that plaintiff is entitled to any equitable relief.

2. The facts alleged in the petition show that plaintiffs have a plain, speedy and adequate remedy at law.

This motion was overruled, and at the same term, when the cause was called for trial, the surety demanded a jury, which was refused.

The action of the court in overruling the motion and in refusing a jury is the ground of the only error assigned in the case.

II. If the substituted petition did not justify the court in transferring the cause to the chancery docket, and if the **1. PRACTICE: error in kind of proceedings : waiver of.** cause of action presented by that petition was not cognizable in chancery, the defendant could have had the error corrected upon his motion made before answer. Code, § 2516. The motion to transfer the cause to the law docket came too late.

III. We need not enquire whether the substituted petition presents a cause of action in chancery. It was so regarded in the court below, and no timely objection on that ground was made; no request was presented to the court to separate the law and equitable issues, and try them separately. The cause, as to all the issues, was tried as an equitable action in the court below. This action of the court, not having been properly brought in question, cannot be the ground of an objection in this court. *Van Orman v. Merrill*, 27 Iowa, 476. ·

IV. It is insisted that the court below erred in not calling a jury upon defendant's request. But the cause was before the court for trial as a chancery case, and no request within the time prescribed by statute had been made to transfer it to the law docket. By his failure to object to the trial of the cause as an equitable action, within the time prescribed by the law (Code, § 2516), defendant waived the right to a trial

by jury. *Richmond v. The Dubuque & Sioux City Railroad Company*, 33 Iowa, 422.

This discussion disposes of all questions presented in the case. The judgment of the Circuit Court is

AFFIRMED.