O'BRIEN v. PUTNEY ET AL.

1. **Lis Pendens:** PETITION AFFECTING REAL ESTATE: ACTION FOR
   SALE OF INTOXICATING LIQUORS. In an action by a wife under the
   civil damage law to recover for injuries caused by the unlawful sale of
   intoxicating liquors to her husband, in which the owner of the building
   occupied by the seller is made a party and a lien asked against the build-
   ing, the petition is one "affecting real estate," within the meaning of
   section 2628 of the Code, and a purchaser of the premises during the
   pendency of the suit is charged with notice thereof, and takes the prop-
   erty subject to any lien which may be finally established thereon.

*Appeal from Fremont District Court.*

THURSDAY, DECEMBER 16.

THE defendant M. A. Putney commenced an action in the
Fremont District Court by filing her petition therein on the
7th day of August, 1877, in which she claimed damages
against one Wilson and one Quigly for the unlawful sale of
intoxicating liquors to her husband. J. W. O'Brien was
made a party defendant by the service of an original notice
before the petition was filed, and it was charged that the said
unlawful sales were made in certain buildings situated upon
lot 7, block 19, in the city of Hamburg, of which said O'Brien
was the owner, and that said premises were leased by said
O'Brien to the other defendants for the purpose of selling
intoxicating liquors therein contrary to law, and that said
illegal sales were made, and said business conducted on said
premises with the knowledge and consent of said O'Brien.
The petition prayed that the claim of plaintiff therein be
established as a lien upon said premises.

October 5, 1877, judgment was rendered against Quigly in
the Fremont District Court. The venue, on the motion of
Wilson and O'Brien, was changed to the Mills District Court,
where judgment was recovered against Wilson. Afterward
the venue on the motion of O'Brien was changed to the

Crawford Circuit Court, where a decree was entered against O'Brien subjecting the said real estate to the payment of the judgment against Quigly and Wilson. From that decree an appeal was taken by O'Brien to this court, and the same was modified and affirmed. See 53 Iowa, 117. A decree was entered in this court in accord with the opinion, and execution issued from this court for the sale of the said real estate.

Thereupon this action was commenced. It is averred in the petition that the plaintiff on the 15th day of August, 1877, purchased the premises of said J. W. O'Brien, and received his warranty deed therefor, which was duly recorded August 16, 1877; that plaintiff was not a party to the said action against J. W. O'Brien, and had no notice thereof; that plaintiff's title is superior to said decree, and is not affected by it; and it was asked that the sale of said premises be enjoined, and plaintiff's title quieted. A temporary injunction was issued, which upon motion of the defendants was dissolved. Plaintiff appeals.

*Draper & Thornell*, for appellant.

*Anderson & Eaton* and *W. G. Read*, for appellees.

ROTHROCK, J.—Some question is made as to the sufficiency of the injunction bond, and as to the proper venue of the

1. LIS PEN-DENS : petition affecting real estate : action for sale of intoxicating liquors.

action, but as in our opinion the cause must be determined upon the question as to the plaintiff's right to the injunction upon a bond in any amount, or in any jurisdiction, these minor questions need not be determined.

We will at once proceed to consider the important, and as it appears to us decisive, question in the case. It is this: Is the title of the plaintiff, being a purchaser of the property in controversy pending the action, prior and superior to the decree against O'Brien and the property? Section 2628 of the Code provides " that when a petition has been filed affect-

ing real estate, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title, if the real property affected be situated in the county where the petition is filed."

It is urged by counsel for appellant that the provisions of this statute have no application to this case because the claim of M. A. Putney for damages was no lien upon the premises in controversy until judgment was rendered. It is said that the doctrine of *lis pendens* applies only where there is at the commencement of the suit a present vested interest, claim, or lien, in or upon the actual subject-matter of the action.

It is true that in *Loan v. Hiney*, 53 Iowa, 89, it was held that under section 1558 of the Code the owner of the property sought to be charged was entitled to a jury trial, and that the lien is established by the statute when the judgment is rendered, and in *Goodenough v. McCoid & Phillips*, 44 Iowa, 659, it is said "that the lien does not attach at the time the party violating the law does an act which renders him liable to a fine, costs or a judgment, but at the time the fine or costs are assessed, or the judgment is rendered." But the question as to the rights of one who purchases after suit commenced is not involved in either of those cases.

In actions of this character it is proper to join all of the parties against whom relief is sought for the same wrong, including the owner of the property sought to be charged. See *La France v. Krayer*, 42 Iowa, 143. Now, while it is true no lien is established or exists until judgment, yet when the action is commenced by joining the owner of the property, averring his consent to and knowledge of the unlawful sales, and describing the property, and asking that it be subjected to the payment of the claim, the action affects real estate within the meaning of the statute. It is a claim for a lien asserted against specific property. In Freeman on Judgments, section 96, it is said: "In order to bring the doctrine

of *lis pendens* into effect it is indispensable that the litigation should be about some specific thing, which must necessarily be affected by the termination of the suit. It does not apply to an action for divorce and for alimony to be paid out of the husband's estate, because such a suit does not apply to any specified part of the husband's estate, real or personal. The judgment which may be obtained may, from the docketing thereof, constitute a lien on certain property; but in this as well as in all other respects it no more constitutes a *lis pendens* than a suit upon a promissory note, or any other sufficient cause of action."

In the case at bar it appears to us we have all the requisites necessary to the existence of *lis pendens*. O'Brien was a proper party. It was necessary that the property against which the claim for a lien was asserted should be described, and it was described particularly, and we think the pending of the action was a warning to strangers not to intermeddle at their peril.

In *Loan v. Hiney, supra*, it was determined that there was no equitable issue for trial in an action of this character. The action of which this is a supplement, so far as it affected O'Brien, was tried as an equity cause without objection. It was appealed by O'Brien and presented to this court for trial anew, and it was so tried. The defendant O'Brien thereby waived all objection to the kind of proceedings. *Tugel v. Tugel et al.*, 38 Iowa, 349. *Van Orman v. Merrill*, 27 Id., 476. The action must, therefore, for the purposes of this case, be held to have been properly tried in equity. But however that may be, the doctrine of *lis pendens* is not solely confined to actions in chancery. It is a rule both at law and in equity. Freeman on Judgments, section 192, and authorities cited.

AFFIRMED.