Buckham v. Grape et al.

---

BUCKHAM v. GRAPE ET AL.

1. **Kind of Proceedings:** ACTION TO ENFORCE LIEN UPON REAL ESTATE: THIRD PARTIES INTERESTED. An action brought to enforce an alleged lien upon real estate in which third parties, made defendants, are interested, and where questions as to the validity of conveyances and mortgages and the priority of liens are to be determined, is an action by equitable proceedings, and defendants in such an action are not entitled to a jury trial.

2. **Intoxicating Liquors:** WRONGFUL SALE TO HUSBAND: JUDGMENT FOR DAMAGES TO WIFE: ACTION TO ENFORCE JUDGMENT AS LIEN ON LEASED PREMISES: JUDGMENT AS EVIDENCE OF AMOUNT OF LIEN. Plaintiff had obtained judgment against one W. for wrongfully selling to her husband intoxicating liquors, on property leased of defendant G., and in this action she seeks to have her judgment established and enforced as a lien on the property, under the provisions of section 1558 of the Code. To prove the amount for which she should have a lien, she introduced, against G's objection, the record of the judgment. *Held* that the record was admissible for the purpose only of proving that he had obtained the judgment, but that it was not admissible as against G., who was not a party thereto, as to the amount to which his property should be subjected. REED, J., *dissenting*.

3. ———: ———: PRACTICE. In such cases the property owner should be made a party to the original action, so as to make the judgment binding upon him.

*Appeal from Fremont Circuit Court.*

THURSDAY, MARCH 19.

ACTION IN EQUITY. Judgment for the plaintiff, and defendants appeal.

*Draper & Thornell*, for appellants.

*Holmes & French*, for appellee.

SEEVERS, J.—The petition states that the plaintiff recovered a judgment in the circuit court of Shelby county against one Wolf, on the ground that he had sold her husband intoxicating liquors whereby he became intoxicated; that at the time said liquors were so sold, Wolf occupied certain premises belonging to the defendant Grape, who had knowledge of and consented to said sales; that Grape caused the real estate described in the petition to be conveyed to Elizabeth White, who conveyed the same to Ida Grape, wife of the said defendant; that Ida Grape died, and devised the real estate to her two children, and named her husband, the defendant Grape, as executor, without bond, and gave him power to sell any or all of the property so described as he should deem proper.

The will was admitted to probate. Certain claims were filed against the estate of Ida Grape, and the defendant, as executor aforesaid, conveyed said real estate to his nephew, H. R. White, who conveyed the same to the defendant Grape, who executed a mortgage to the defendant Elizabeth White.

It is alleged in the petition that in truth and in fact the said Grape was at all times the owner of said property, and that said conveyances and mortgages were fraudulent and void, because the same were made to hinder and delay creditors.

The relief asked is that the said judgment against Wolf be declared a lien on the real estate, and that the mortgage above described be set aside.

The defendants answered the petition, and demanded a trial by jury, which was refused.

I. It is said that this ruling of the court is erroneous, and *La France v. Krayer*, 42 Iowa, 145, and *Loan v. Hiney et al.*, 53 Id., 89, are cited.

Complete relief could not have been afforded at law. Eliza-

beth White could not have been made a party in a purely legal proceeding, and the questions as to the validity of the conveyances and mortgages, and the priority of liens thereunder, had to be determined. Therefore, we think, the action was properly brought and tried as an equitable action.

II. The plaintiff, against the defendants' objection, introduced in evidence a transcript of the judgment against Wolf. It is insisted that the court erred in admitting the evidence. The appellee insists that the introduction of the judgment made a *prima facie* case, and that, in the absence of any defense, it is conclusive as to the amount for which the plaintiff is entitled to have the lien established. If Grape had been a party to the action, we think the position of appellee would be correct. But, as he was not a party, the question is whether a judgment which he has had no opportunity of contesting constitutes any evidence against him. If the judgment constitutes any evidence against the defendant, we think it is conclusive as to the amount for which plaintiff is entitled to a lien on the defendant's property, unless, possibly, the judgment has been obtained by fraud. There is no middle ground.

In *Loan v. Hiney et al.*, 53 Iowa, 89, it is said that the property-owner has the right to contest the question as to whether intoxicating liquors were in fact sold. If this is so, it follows that such person has the right to contest the amount the plaintiff is entitled to recover. It seems to us that on principle this must be so. A party should not be conclusively bound when he has had no opportunity to speak.

But it is said that the statute provides that the lien shall be established, for "judgments rendered against any person for any violation" of the statute, on the property in which the liquor was sold with the knowledge and consent of the owner. Code, § 1558. The statute is silent as to whether the property-owner must have notice or knowledge of the judgment or not; and, if construed literally, it would cover a judgment rendered by default, or one of which he did not

have the slightest knowledge until the attempt is made to enforce it.

We think the statute should be construed with reference to universally recognized legal principles. It cannot be presumed that the general assembly intended that a person's property should be taken or appropriated to the payment of a judgment which he had no opportunity of contesting.

To give such a construction to the statute would, in effect, deprive a party of his property without due process of law. Such a statute would be in conflict with the constitution of the United States and of this state.

It is evident, we think, that it was the intention of the general assembly that, in actions brought by a wife for a sale to her husband of intoxicating liquors, she could, if she saw proper, make the owner of the property a party to the action, and therein try, and have determined, all questions necessary to enable the plaintiff to recover and establish a lien on the property in which the liquor was sold. This court has in effect so held in the cases above cited.

We incline to think that the judgment was properly introduced in evidence for the purpose of showing that the plaintiff had recovered against Wolf, but it was not evidence as to the amount for which the lien should be established, except that in no event could the plaintiff's lien be for any greater amount; but there is no evidence sufficiently establishing the amount of the plaintiff's lien. It is true, there is evidence tending to show that Wolf sold the plaintiff's husband intoxicating liquors, and that he became intoxicated, and also that Grape had knowledge of such facts, but there is no evidence tending to show the plaintiff's damages, other than the judgment.

REVERSED.

### ON REHEARING.

BECK, CH. J.—A rehearing was allowed in this case upon the petition of plaintiff, and the cause has again been submit-

Buckham v. Grape et al.

ted upon a re-argument. We adhere to the conclusions reached in our former opinion, and are now unable to add anything which will give additional strength to the arguments we have presented in their support. I may say for myself that from the first I had grave doubts of the correctness of our decision. I was brought to concurrence in it by the consideration of the settled policy of the law, which will deprive no man of property or rights without giving him the fullest opportunity to defend them. A judgment, therefore, ought not to be enforced as a lien upon property until the owner, either by himself or his privies, has had an opportunity to resist it. It should not be regarded as evidence of liability of the property, if the owner has not been a party to the proceeding in which it was rendered. I am fully aware of the difficulty of reconciling these views with the express language of the statute, which declares that in cases of this character judgments against the vendors of intoxicating liquors shall be liens upon the property wherein they were sold with the consent and knowledge of the owner. The position of the former opinion, that the statute should be construed in harmony with the doctrines of the law which secures the right of the owner to defend and protect his property, seems to remove these difficulties; but I am brought to full assent to the conclusion we have adopted by the consideration that

3. —: —: the property owner could have been made a party
practice.        to the original action, and the rule requiring him to be joined therein in order to bind him by the judgment would, in all cases, operate so as to secure the ends of justice, and in no case work hardship. Before his property can be reached under the statute, an issue must be joined and tried involving his knowledge of the sales of intoxicating liquors upon his property. These issues may be tried in the original case. Why not determine all the issues which the property owner may raise, in the action against the vendor, the property owner being joined therein? The liability of his property could be determined in one case, instead of two, if

he should be separately sued.  If he be made a party to the action, he would be bound by the judgment, and, without further proceedings, it could be declared a lien upon his property.  By this practice justice would be done to all parties, and they would be relieved of litigating two cases, when all their rights could be and ought to be settled in one.  I think the rule we adopt will not only promote the ends of justice, but will lessen the expense and hasten the decision of controversies of the character of the one before us.

We adhere to the former opinion, and again order the judgment of the circuit court to be

REVERSED.

REED, J., *dissenting.*  The original opinion, as I understand it, holds that plaintiff is not entitled to have her judgment against Wolf established as a lien on defendant's real estate, without other proof of her damages than that afforded by the record of the judgment.  In my opinion this position is not tenable.  Under the statute (Code, § 1558) she is entitled to have the judgment established as a lien on the real estate, if it was used and occupied by Wolf, at the time of the sales of intoxicating liquors to her husband, for the purpose of selling such liquors contrary to law, and such use was with the knowledge and consent of the owner of the property.  To entitle her to the remedy provided by the section, she must establish the following facts:  (1) That the judgment against Wolf was rendered for a violation of the provisions of the statute prohibiting the sale of intoxicating liquors; (2) that the real estate was used and occupied by Wolf for the unlawful sale of intoxicating liquors when the cause of action on which the judgment was rendered accrued; and (3) that such use and occupation of the property was with the knowledge and consent of the owner thereof.

When these facts exist, the statute declares that the judgment shall be a lien on the property until paid.  The provision is penal in its character.  The judgment against the ven-

dor of the liquors is made to attach as a lien upon the property used in the unlawful business, as a punishment of the owner for permitting the use of his property for such unlawful purpose. *Polk Co. v. Hierb*, 37 Iowa, 361. It is the judgment, and not the damages, with which the property is charged. Judgment must be obtained against the vendor before any charge can be established against the property; and the amount of the judgment against him measures the amount of the charge on the property. This view does not deprive the property owner of his property without due process of law. He has his day in court, and may controvert the existence of any one or all of the facts which, under the provisions of the statute, must be established before his property can be charged.

But the amount of the damages is not in question. The judgment against the vendor establishes the amount of the recovery, and the question here involved is, whether the amount so established shall be made a lien upon the property; and that question depends upon whether the three facts exist which the statute provides must exist before the property can be charged with the judgment. The holding of the opinion, it seems to me, will lead to most remarkable results. The statute provides that fines assessed, as well as judgments rendered, for violations of the statute, shall be liens upon the real estate used in the unlawful business with the knowledge and consent of the owner. One who is convicted of keeping a place where intoxicating liquors are sold contrary to law may be fined, not exceeding $1,000, at the discretion of the court. Suppose the court, in the exercise of its discretion, has assessed a fine of that amount against one convicted of that offense, and the state, by a proper proceeding, undertakes to establish this fine as a lien upon the property used and occupied by the party in the unlawful business. The express provision of the law is that the fine so assessed shall be a lien upon the property so used and occupied, if the use and occupation was with the knowledge and consent of the

owner.   But, if this holding is followed to its logical conclusion, the state, before it can have judgment in such proceeding, must prove not only that the fine has been assessed, but must go further, and prove that the party against whom it was assesed was guilty of the crime, and that his offense was sufficiently aggravated to warrant the court in assessing a fine of that amount; and we would have the remarkable spectable of a court reviewing the final judgment of another court of concurrent jurisdiction, and that, too, in a matter in which, for the reason that the amount of the fine was within the discretion of the court assessing it, a court of last resort would not think of interfering.

And further than this, plaintiff's judgment against Wolf may consist very largely of the punitory damages assessed by the jury in the case.   We have held that in that class of cases plaintiff, if she was entitled to recover at all, was entitled, under the statute, to exemplary as well as actual damages. See *Fox v. Wunderlich*, 64 Iowa, 187.   But the amount of the assessment is left very largely to the discretion of the jury.   Indeed, the courts trying such cases are authorized to interfere with the award of the jury only when the amount of the assessment is such as to indicate that it was made under the influence of passion or prejudice.   But under this holding another court, when trying the question whether the judgment for damages shall be made a lien upon the property used and occupied in the business, is required to review the finding of the jury, and pass upon the justice and propriety of their award of damages.   I am confident that the legislature never intended, when it enacted the law, that it should have such an effect; and I am equally clear that no good reason exists for putting such a construction upon it as will lead to these results.   In my opinion the judgment of the circuit court ought to be affirmed.