## McVey v. Manatt.

1. **Intoxicating Liquors**: UNLAWFUL SALES: DAMAGES: LIEN ON LEASED PREMISES: KNOWLEDGE OF LESSOR. Where the lessee of defendant's lot kept a saloon thereon, and therein sold intoxicating liquors to plaintiff's husband, an habitual drunkard, with the knowledge and consent of defendant, a judgment obtained by plaintiff against the lessee for damages on account of such unlawful sales was a lien on the leased premises (Code, secs. 1557, 1558); and if defendant knew of such unlawful sales, as the evidence (see opinion) shows he did, and made no objection thereto, he will be presumed to have consented thereto.

2. ———: ENFORCING LIEN: EVIDENCE AS TO AMOUNT. In such case the judgment against the lessee, to which defendant was not a party, was not conclusive as to the amount to which defendant's property should be subjected (*Buckham v. Grape*, 65 Iowa, 535); but, in an action to establish and enforce the judgment as a lien, *held* that it was not essential to show by evidence all the ingredients which went to make up the judgment, but that it was sufficient to show that the amount of the judgment was justified by the facts, whether they embraced all that was proved on the former trial or not.

3. ———: ———: SEPARATE ACTIONS. In such case the lessor could not object that he was not made a party to the first action; for, while a joint action might have been maintained against him and his lessee, it is lawful in such cases to bring an action against the saloon-keeper and prosecute it to judgment, and to bring a subsequent action against the landlord to make the judgment a lien on the premises. (See opinion for citations.)

4. ———: ———: FORM OF ACTION: WAIVER. Where the action to enforce the lien in such case was brought in equity, and defendant made no objection to that form of action, and it was treated by all parties and the court as an equitable action, it is too late in this court to complain that it was tried in the wrong forum. (See opinion for citations.)

5. ———: ———: JOINT TORT-FEASORS: SATISFACTION. In such case the saloon-keeper and the landlord were not joint wrongdoers; but, if they were, it would not follow that a partial payment of the judgment against the former would discharge the property of the latter, since a partial payment is no satisfaction.

6. ———: ———: PERSONAL JUDGMENT FOR COSTS. While in such case no personal judgment can be rendered against the landlord for the amount of the lien, he is personally liable for the costs made by his resistance to the action to enforce the lien. (See Code, sec. 2933.)

McVey v. Manatt.

*Appeal from Poweshiek District Court.*—HON. D. RYAN, Judge.

FILED, MAY 17, 1890.

THE plaintiff is the wife of William A. McVey. In the year 1883, she commenced an action against one Casper Nelk for damages she alleged she had sustained by reason of the unlawful sale of intoxicating liquors to her husband. A trial was had, which resulted in a judgment for the plaintiff. Nelk kept his saloon at Brooklyn, in Poweshiek county, on a certain lot owned by the defendant herein. It appears that Nelk owned the building in which he carried on his business. After judgment was rendered an execution was issued thereon, and the building was levied upon and sold for a small amount, which, with the costs, was credited on the judgment. This action in equity was commenced in the year 1884, in which the plaintiff demands a decree establishing the judgment as a lien upon the said land of defendant, and upon the saloon building, prior to any lien of the defendant for rent, upon the ground that the alleged unlawful sales of intoxicating liquors to her husband were made with the knowledge and consent of the defendant. The defendant took issue with the averments of the petition, and the cause was set down for trial on written evidence in the form of depositions. A trial was had, and a decree was entered for the plaintiff. Defendant appeals.

*Haines & Lyman,* for appellant.

*Scott & Clute,* for appellee.

ROTHROCK, C. J.—I. The unlawful sales of liquor by Nelk to the plaintiff's husband are alleged to have

1. INTOXICATING liquors: unlawful sales: damages: lien on leased premises: knowledge of lessor

been made on the said premises in the years 1881, 1882 and 1883. It appears that during the years named Nelk was authorized by a permit or license from the town of Brooklyn to keep a beer saloon. The

statute then authorized the sale of beer, but the sale of beer to minors, to intoxicated persons, or habitual drunkards was unlawful, whether the saloon-keeper had a license or not, and a judgment rendered against the keeper of the saloon was a lien on the real estate where the liquor was sold, if the unlawful sales were with the knowledge and consent of the owner. Code, secs. 1557, 1558. It is claimed by counsel for appellant that the evidence does not show that intoxicating liquors were sold to plaintiff's husband contrary to law, with the knowledge and consent of the defendant.

We have carefully examined the evidence on this question, and our conclusion is that the evidence shows, without much doubt, that the plaintiff's husband was a notorious and habitual drunkard. His drunkenness was such as to be observed by all his acquaintances. He was habitually drunk on the streets, and in Nelk's saloon, and at all other places where he was found. The defendant lived near the saloon, and sometimes visited it, and it is impossible to believe, from the testimony of the witnesses, that he did not know of the habits of McVey, and of the fact that Nelk was selling intoxicating liquor to him. If he knew it, and made no objection thereto, it is fair to infer that he consented that his property might be used as a place for the unlawful sale of intoxicating liquor.

II. It having been determined by this court in *Buckham v. Grape*, 65 Iowa, 535, that the judgment against the saloon-keeper is not evidence of the amount to which the property of the landlord of a saloon-keeper should be subjected, the plaintiff in this action set forth the facts fully in the same manner as in the original action, and the original petition against Nelk was exhibited with the petition in this case, and made a part of it, and the proof abundantly shows that the plaintiff suffered damages in the full amount of the original judgment. If we were to be called upon to fix the amount

2. ——: enforcing lien: evidence as to amount.

McVey v. Manatt.

of damages from the evidence, we would find the same to be more than the judgment.

It is claimed by counsel for appellant that the issues in the two cases were not the same; that in the original action a charge was made for violence and assaults made upon the plaintiff by her husband when he was in a state of intoxication, and that there was no such evidence introduced on the trial in this case. We do not think it is essential to show by evidence all of the ingredients which went to make up the former judgment. It is sufficient if it is made to appear that the judgment was justified by the facts, whether they embrace all that was proved upon the former trial or not.

III. It is urged that this action will not lie, because the saloon-keeper and his landlord should have been joined in the same action. It is true that

3. ——:——: separate actions.

this court held in *Loan v. Hiney*, 53 Iowa, 89, that a joint action might be maintained against both, and that it was error to deny to the landlord a trial by jury, and then to establish the lien of the judgment under an equitable issue in the same action. But this court never has determined that an action may not be brought against the saloon-keeper, and prosecuted to judgment, and another action against the landlord to make the judgment a lien on the premises. On the contrary, while the question is not directly determined, the right to maintain two actions is recognized in *La France v. Krayer*, 42 Iowa, 143, and in *Buckham v. Grape*, 65 Iowa, 535. We think that it ought not to be held that a subsequent action against the landlord may not be maintained.

IV. It is next claimed that the petition should have been dismissed because there was no equitable issue for trial; that the action is solely

4. ——:——: form of action: waiver.

cognizable at law. It is enough to say of this question that the petition purports to present an equitable claim. The defendant, by his

answer, recognizes the fact that the action is in equity, and asks a decree that the judgment of the plaintiff shall not be held to be a lien on any interest or lien the defendant may have on the building which was sold on execution against Nelk. The cause was set down for trial on depositions, and was so tried. After all this acquiescence in the form of the action, the defendant ought not now to be heard to complain that the cause was tried in the wrong forum. *O'Brien v. Putney*, 55 Iowa, 292; *Tugel v. Tugel*, 38 Iowa, 349; *Van Orman v. Merrill*, 27 Iowa, 476.

V. It is said that the saloon-keeper and his landlord are joint tort-feasors, and that, as the plaintiff

5. ——: ——:
joint tort-
feasors: sat-
isfaction.

prosecuted her action to judgment, and collected a part of it by execution, she has no right to maintain another action against the landlord. It appears to us that the parties are not joint wrongdoers, as claimed by counsel. There is no liability of the landlord other than the subjection of his property to the payment of the judgment. Besides, it is a fundamental principle of the law that separate actions may be maintained against joint wrongdoers, but that one satisfaction shall bar further proceedings. There has been no satisfaction in the former action. A partial payment is no satisfaction.

VI. The court rendered a personal judgment against the defendant for the costs of this action. It is claimed

6. ——: ——:
personal
judgment
for costs.

the law does not authorize a personal judgment. This is true, so far as the damages are involved. But the costs are no part of the damages. If the defendant had not resisted the action, the costs would not have accrued, and, under section 2933 of the Code, "costs shall be recovered by the successful against the losing party." The decree of the district court will be          AFFIRMED.