T. F. WAIT, Adm'r et al. v. MYSTIC WORKERS OF THE WORLD, Appellant.

**Mutual insurance:** ASSESSMENTS: DEFAULT: BURDEN OF PROOF. A member of a mutual benefit association is not in arrears for failure to pay an assessment so long as it holds an unapplied advance assessment; and the burden of establishing an application of the advance assessment is on the association.

**Appeal:** QUESTIONS NOT RAISED BELOW. It is too late to raise an objection to the form of an action or the forum for the first time on appeal.

**Pleadings:** INTEREST OF PARTIES. The allegation that certain named persons were the only heirs of a deceased member of a benefit society, though somewhat indefinite, was sufficient to show their interest in a suit on the certificate, in the absence of any objection to the pleading in the trial court.

*Appeal from Jones District Court.*—HON. F. O. ELLISON, Judge.

TUESDAY, JANUARY 12, 1909.

ACTION in equity to recover on a benefit certificate issued to Fannie B. Pearson. There was a judgment for the plaintiffs, from which the defendant appeals.—*Affirmed.*

*Bertrand Lichtenberger* and *Remley & Remley,* for appellant.

*Herrick, Cash & Rhinehart,* for appellees.

SHERWIN, J.—The appellant is a fraternal insurance association, and Fannie B. Pearson became a member thereof on the 5th day of October, 1898, at which time a benefit certificate was issued to her for the sum of $1,000, payable upon her death to her husband, William B. Pearson, or, in the event of his death before her own, said sum was payable to her child or children or legal heirs. William B. Pearson, the husband and beneficiary named in the certificate, died in October, 1906, and Fannie B. Pearson died on the 5th day of November, 1906. Her contract with the defendant at the time of her death required a monthly payment of fifty-five cents as an assessment to meet death losses, and the farther sum of ten cents for local lodge dues. These monthly payments were due before the end of the month, and a failure to pay the same within the time specified suspended the member without any action on the part of the defendant; such suspension becoming effective with the close of the month.

All of the assessments and monthly payments due from Mrs. Pearson, except the assessment or payment for October, 1906, were paid. It is admitted that this payment was not made, but the appellees pleaded and contend that, when Mrs. Pearson became a member of the order, she was required to and did pay one advance assessment, and that, in the absence of any showing that such

1. MUTUAL INSUR-
ANCE: assess-
ments: default:
burden of
proof.

assessment had been used by the defendant for her benefit or for the payment of any assessment due from her, it should be applied in payment of the October, 1906, assessment. At the time Mrs. Pearson became a member of the order, its by-laws required the deposit of "one benefit assessment in advance with the lodge secretary." It is practically admitted that this deposit was made as required; but, if there were no such admission, the record furnishes conclusive evidence that such was the fact. Subsequent by-laws required every benefit member, when admitted, to deposit one benefit payment. It being shown that an advance benefit assessment was in fact paid by Mrs. Pearson, the burden rests upon the defendant to show that it had been used for her benefit before the October, 1906, assessment became due, and this it has wholly failed to do. *Arrison v. Mystic Toilers,* 129 Iowa, 303; *Rambousek v. Mystic Toilers,* 133 Iowa, 375; *Sleight v. Mystic Toilers,* 133 Iowa, 379; *Trotter v. Legion of Honor,* 132 Iowa, 513.

The appellant claims that, because its secretary testified that all benefit payments were numbered from 1 to 94, it must necessarily follow that the advance assessment paid by Mrs. Pearson was used. The trouble with this contention is that the defendant gave Mrs. Pearson a receipt for the assessment that does not number the same. The record also tends strongly to show that only the assessments regularly made were numbered, and that no advance assessments were included therein.

The appellant says this action should have been at law, instead of in equity; but no objection was made to 2. APPEAL: its form or to the forum in the court below, questions not raised below. and it is now too late to raise the point. *McVey v. Manatt,* 80 Iowa, 132; *In re Assignment of Knapp,* 101 Iowa, 488.

In an amendment to the petition and in a reply, the plaintiffs undertook to allege that T. F. Wait, Ethel

Wait, and Pearl Wait were the only heirs of Fannie B.

**3. PLEADINGS: interest of parties.** Pearson, and the appellant says that their interest in this action was not sufficiently pleaded or proven. The allegation of the petition was not denied, and, while the pleading is somewhat indefinite, we still think it sufficient, in the absence of any attack thereon in the trial court.

. Other matters discussed by counsel are unimportant in view of our conclusion on the main point involved and discussed.

The judgment of the trial court is right, and there must be an affirmance.—*Affirmed.*