# LOTTIE PRICE v. BROTHERHOOD OF RAILROAD TRAINMEN and Others.[1]

December 22, 1911.

Nos. 17,341—(116).

**Mutual benefit insurance — application of payment to avoid forfeiture.**

Where a member of a fraternal beneficiary association pays an assessment levied and payable before he becomes a member, which under the constitution and rules of the association he is not obligated to pay, such payment, to save a forfeiture, should be applied to pay the next succeeding assessment.

**Deceased not liable for prior assessment.**

Under the constitution and rules of defendant association, and the facts herein, deceased was not obligated to pay a certain assessment levied and payable before he became a member.

Action in the district court for Ramsey county to recover $1,350 upon defendant's benefit certificate. The defense is given in the opinion. The reply alleged that if deceased failed or neglected to comply with any rule or regulation of defendant association, it was because defendant association had repeatedly received from deceased, and from others to his knowledge, performance of their obligation to defendant association without regard to the letter of the rules and regulations; and particularly had repeatedly and customarily received from deceased and other members of the association payment of their dues after the first day of the month, without objection, and as full compliance with the rules and requirements of the association, and had permitted him to believe that such dues might be paid at any time within the month; and if deceased neglected to comply with any rule of the association, it waived such noncompliance, and is estopped to assert that deceased failed to comply with any rule or regulation or to assert as a defense any noncompliance as a defense. The case was tried upon stipulated facts before Kelly, J., who as conclusion of law

[1] Reported in 133 N. W. 793.

ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order, defendant appealed. Affirmed.

*George Nordlin,* for appellants.

*Durment, Moore & Sanborn,* for respondent.

BUNN, J.

Plaintiff is the widow of Edward E. Price, and brought this action to recover from defendant the amount of a beneficiary certificate for $1,350 issued to Price, in which certificate she was named as beneficiary. The defense was that Price had not paid at the time of his death the dues and assessments required by the rules of the order. The case was tried by the court on stipulated facts, and a decision for plaintiff rendered. Defendant appealed from a judgment entered on such decision.

The material facts disclosed by the stipulation are these: Defendant is a beneficiary association, with a grand lodge and subordinate lodges. Edward E. Price was admitted to membership November 11, 1906, and thereby became entitled to all the rights, privileges, and benefits of membership. With his application for membership, he, as required to do by the constitution of the subordinate lodge, presented an application for a beneficiary certificate, together with a certificate from the medical examiner. On December 10, 1906, the beneficiary certificate applied for and involved in this action was issued and delivered to Price, and accepted by him. On November 11 Price paid $3.50 to the financier of the local lodge, one dollar of which was for an admission fee, and $2.50 as dues. On or after November 14, 1906, he paid $2.25 as dues. On or after December 14 he paid $3.50, $2.50 of which was for dues. On or after January 14, 1907, he paid $2.50 as dues. On March 21, 1907, he paid $2.50 as dues to the financier of the local lodge. On March 22, 1907, Price died. In the case of each payment a receipt was given by the financier. By such receipts the payment of November 11 was credited as payment of the dues for the month of November, and the subsequent payments were credited as payments of dues for December, January, February and March, respectively. When the payment of March 21, 1907, was made, Price was seriously ill. His

illness was known to the financier. The financier gave the usual receipt, and the money was retained by defendant until April 5, 1907, when it was returned to plaintiff, with the statement that it should have been paid on or before March 1, and because it was not so paid that Price was not in good standing in the order at the time of his death.

The issue between the parties is as to whether the failure of Price to make the last payment on or before March 1, 1907, is a defense to plaintiff's claim. The determination of this question involves an examination of the constitution and rules of the defendant order and of the subordinate lodge of which Price was a member, in relation to the payment of assessments.

The constitution of the order provides for the establishment and maintenance of a beneficiary fund, in which all members, except nonbeneficiary members, shall participate. In order to maintain this fund the grand lodge levies a monthly assessment upon each beneficiary member of two dollars on each $1,350 certificate, $1.50 on each $1,000 certificate, and seventy-five cents on each $500 certificate. These assessments were levied on the first day of each month for the next succeeding month; that is, the assessment for November was levied October 1. When an assessment was levied the grand lodge notified the subordinate lodge thereof, and it became the duty of the financier of the subordinate lodge to collect the assessment from the members, and to remit the amount to the grand lodge on or before the fifth of the month for which the assessment was levied. If the subordinate lodge fails to forward the assessment before the last day of the month, the constitution provides that it shall be declared defunct by the grand master.

The constitution and rules of the grand lodge contain no provision as to when the members must pay their assessments. The grand lodge evidently looks to the subordinate lodge for the payment as a whole of the assessments on its members within the time specified, and the matter of the collection from the members by the financier of the subordinate lodge is left to the constitution and rules of the local lodge. By this constitution the dues of members include the monthly assessments levied by the grand lodge, and are payable to

the financier monthly in advance before the first day of each month. It is provided that any member of the local lodge who fails to pay his dues or assessments before the first day of the month becomes expelled, without any notice or action whatever, and at that instant his beneficiary certificate becomes void.

1. Assuming that the payment of March 21, 1907, was too late as a payment of Price's assessment for the month of March, and that its acceptance by the financier was not a waiver of the rule requiring payment before the first of the month, yet, if Price had actually paid before March 1 the dues for that month, he was not in default, though the receipts failed to so apply the payments. In other words, if Price was not required, by the rules of defendant or of the subordinate lodge, to pay the assessment levied October 1 for the month of November, and payable before November 1, the payment made by him November 11, when he became a member of the order, should be credited as a payment of the December assessment, and the three succeeding payments should be credited as payments of the assessments for January, February, and March. Defendant, having money in its possession belonging to the member, was bound to apply it to save a forfeiture, and, not having done so, the court will make such application as defendant should have made. See Wait v. Mystic Workers, 140 Iowa, 648, 119 N. W. 72, and cases there cited.

2. Was deceased liable for the November assessment? As we have seen, the assessment for this month was levied October 1, and the members were obliged to pay it before November 1. It was the duty of the financier to remit the total assessment to the grand lodge by November 5. If a member failed to pay this assessment before November 1 he was ipso facto expelled. Price was admitted November 11. His certificate was issued November 30, received by him and accepted December 10.

A careful search through the constitution and rules of the grand lodge and the constitution of the subordinate lodge fails to disclose any requirement that members admitted during a month shall pay the assessment for that month. It is true that the grand lodge officers, in the notice of assessment sent to the subordinate lodge, say

that the financier must forward the amount due on the assessment for every member admitted during the month; but no authority for such a requirement is found in the constitution or rules. In the absence of a provision requiring a member admitted during a month to pay an assessment levied and payable prior to his admission, we should not hold, especially when the result is a forfeiture, that such member is liable for such assessment.

In the case at bar, Price was not a member of the order during one-third of the month, and did not receive his benefit certificate until the following month. The November assessment was levied, collected, and presumably forwarded to the grand lodge before he became a member, and a month before his insurance was in effect. He paid an initiation fee and dues for November, which would seem an adequate payment for the privileges of membership during the balance of the month, considering that he received no return in the way of insurance for the payment of an assessment. Had Price died before his application for insurance was accepted and the certificate issued, it is difficult to see how his estate or beneficiary could have recovered on the contract, as there would be no contract until the application was accepted and the certificate issued. 29 Cyc. 63. Defendant's custom of recognizing liability in such cases would not create a right, in the absence of a provision in the constitution or rules.

We conclude, therefore, that Price was not obliged to pay the November assessment, and that the amount paid by him November 11, and credited by the financier as payment of the November assessment, should have been applied to pay the December assessment. It follows that Price paid the December, January, February, and March assessments within the time prescribed by the constitution of the local lodge, and was in good standing at the time of his death.

Judgment affirmed.