## EDWARD ERICKSON v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN.[1]

April 30, 1915.

Nos. 19,303—(163).

**Mutual benefit insurance — application.**

> Where the laws of a fraternal association and also the application for beneficiary membership therein provide that an applicant shall not become a beneficiary member thereof until his medical examination is approved by the chief medical officer, and the applicant dies before such examination reaches such officer, its subsequent approval by him in ignorance of such death, creates no liability against the association.

Action in the district court for Ramsey county to recover $1,500 upon defendant's benefit certificate upon the life of Henry R. Erickson. The case was tried before Pfau, J., acting for the judge of the Second judicial district, who made findings and ordered judgment in favor of defendant. Plaintiff's motion for additional findings of fact and for a new trial was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Henry Marks* and *Otto Kueffner,* for appellant.
*Morphy, Bradford & Cummins,* for respondent.

TAYLOR, C.
Defendant is an unincorporated fraternal society having a grand

[1] Reported in 152 N. W. 537.

lodge and subordinate lodges and a ritualistic form of work. It is an organization of locomotive firemen and enginemen commonly known as a "union," and admits only those engaged in that vocation to membership. It has both beneficiary and nonbeneficiary members. To become a beneficiary member the applicant must pass a satisfactory medical examination and be not over 45 years of age at the time of his admission. Those not eligible for beneficiary membership become nonbeneficiary members. An applicant to join the order is required to make an application to become a beneficiary member, apparently even if not eligible to such membership, and such application must be in the local lodge before he can be initiated. He is then initiated, and thereafter his medical examination, taken by the local medical examiner, is sent to the general medical examiner for approval or disapproval. Under his application and the laws of the order he is a nonbeneficiary member until such approval, and if his medical examination is not approved he continues as such nonbeneficiary member. At his initiation he pays certain fees which are the same for both beneficiary and nonbeneficiary members, and are apportioned between the local lodge and the grand lodge, but none of which go into the beneficiary fund. He makes no payment to the beneficiary fund in the month in which he is initiated, but, if accepted as a beneficiary member, he pays a double assessment for that fund on the first day of the following month.

Henry R. Erickson applied for membership in the order on April 4, 1913, and was initiated on that date. Before his initiation, he filed the usual application to become a beneficiary member, and therein named the plaintiff, his brother, as his beneficiary. On April 9, 1913, he was killed in a railroad accident. On April 14, 1913, his medical examination was received by the grand secretary, and on the same day was presented to, and examined and approved by, the general medical examiner, and on the following day his benefit certificate was issued and the usual record of its issuance was made upon the books of the order. The secretary of the local lodge learned of his death immediately after it occurred, and, on April 21, wrote the grand secretary informing him of Erickson's

death, inquiring whether his beneficiary was entitled to the insurance, and asking for blanks for proof of death. None of the grand officers had any knowledge of Erickson's death until the receipt of this letter. The grand secretary transmitted the blanks requested to the local secretary and gave him the name and address of the beneficiary. The grand secretary testifies that they required proofs of death for nonbeneficiary members as well as for beneficiary members and that the same forms were used in both cases. On May 8, 1913, the local secretary delivered the benefit certificate to the decedent's mother, and thereafter forwarded proofs of death. Payment was refused, and plaintiff, the beneficiary named in the certificate, brought suit. The trial resulted in a judgment for defendant and plaintiff appealed.

Both the laws of the order and Erickson's application provided that no contract for insurance should exist until the chief medical officer approved Erickson's medical examination. This examination did not reach the grand officers until five days after Erickson's death. In ignorance of such death, it was, in form, approved and the usual certificate sent to the secretary of the local lodge. There is no provision that the insurance shall take effect as of the date of the application, but on the contrary there is an express provision that the applicant shall remain a nonbeneficiary member until the approval of his medical examination.

Erickson's application was in substance a proposal to become a beneficiary member, which did not ripen into a contract until accepted by the society. His death before such acceptance operated to withdraw and annul the proposal, and its acceptance, in form, thereafter, was a mere nullity, for no contract had been entered into at the time of his death, and no contract can be entered into with a dead man. Both the subject matter of the proposed contract, namely, the life of Erickson, and one of the proposed parties thereto, had ceased to exist before action was taken upon the proposition by the other proposed party, and therefore the contract was never consummated. Price v. Brotherhood of Railroad Trainmen, 116 Minn. 275, 133 N. W. 793; Paine v. Pacific Mutual Life Ins. Co.

51 Fed. 689, 2 C. C. A. 459. It follows that no liability exists against the society.

Judgment affirmed.

Schaller, J., took no part.