AGNES M. MALONE, Administratrix, Appellant, v. GRAND LODGE, A. O. U. W. OF IOWA, Appellee.

INSURANCE: Failure to Apply Excess Assessment. A forfeiture
1  may not be declared for nonpayment of an assessment, when the insurer has an unapplied assessment in his possession.

INSURANCE: Refusal to Receive Assessment. A forfeiture may
2  not be declared when the insured *offers* to pay an assessment, and such offer is refused, on the mistaken assumption by the insurer that the insured is in default in the payment of a prior assessment.

INSURANCE: Waiver of Prompt Payment. An insured may not
3  claim that the insurer has waived the prompt payment of assessments when his default, if any, occurred immediately after he had been specifically notified that promptness would be insisted on.

*Appeal from Polk District Court.*—THOS. J. GUTHRIE, Judge.

NOVEMBER 22, 1918.

REHEARING DENIED MAY 21, 1919.

ACTION on mutual benefit certificate. Verdict for defendant by direction of the court.—*Reversed.*

*B. J. Cavanagh,* for appellant.

*E. B. Evans,* for appellee.

STEVENS, J.—I. Patrick J. Malone became a member of the defendant order on May 3, 1910, and died April 25, 1915. Plaintiff is the administratrix of his estate, and brings this suit to recover upon his certificate of membership. The beneficiary named in the certificate died before the member. At the time of becoming a member, he paid an initiation fee of $3.00, and an amount equal to one full monthly assessment. The defense pleaded is the forfeiture of his membership by the nonpayment of monthly assessments for the months of February, March, and April, 1915.

1. INSURANCE: failure to apply excess assessment.

In reply to defendant's answer, plaintiff alleged that it was in possession of one full advance monthly assessment at the time of the member's death, and that, if same had been applied to the payment of the assessment payable in February, deceased died in good standing in said order; that, by its conduct, it waived its right to forfeit his certificate of membership because of the failure to promptly pay assessments; and that it was estopped from claiming nonpayment thereof according to its by-laws.

The facts relied upon by plaintiff to establish the allegations of her reply are the payment of one full assessment at the time of the member's initiation; that, some time during the month of January, plaintiff, by telephone, requested the recorder of the subordinate lodge to pay the member's dues for January; that the recorder promised to do so, and, on the 11th day of February, at a monthly meeting of the subordinate lodge, which was after the time allowed for the payment thereof, there was appropriated out of the funds of the lodge the necessary amount to pay the January assessment, and same was then paid; that, some time in March, and after a letter had been written to the member by the grand recorder, notifying him of his suspension from membership, and requesting him to apply for reinstatement under the rules and provisions of the order, she again called the recorder by telephone, and offered to pay assessments then due, but was informed by him that, as her mother, who was named as beneficiary in the certificate, had died, no further assessments could be received until a new beneficiary was named.

It was stipulated by counsel upon the trial that, at the time Malone made application for membership, which was in March or April, 1910, he paid a sum equal to one full monthly assessment, which was placed in the benefit fund, and that he paid all of his assessments and dues for each and every month as they matured and became due,

from the first day of May, 1910, to the 31st day of January, 1915. If the member paid a full assessment for each month, including the month of May, 1910, and for each succeeding month, including January, 1915, it would appear that the amount of the one monthly assessment paid at the time of his initiation must be in the possession of the defendant, and should have been applied to the payment of the February assessment. The society could not forfeit the certificate while it held one full unapplied monthly assessment. *Wait v. Mystic Workers,* 140 Iowa 648; *Sleight v. Mystic Toilers,* 133 Iowa 379. Nor was the member liable for assessments levied prior to the time when he became a member of the society. *Hetzel v. Golden Precept,* 129 Iowa 655; *Clark v. Iowa St. Trav. Men's Assn.,* 156 Iowa 201.

If defendant were, in fact, in possession of one full monthly assessment, and same had been applied to the payment due and payable in the month of February, then his certificate would not have lapsed, under the rules of the order, until the expiration of the time for payment of the monthly assessment due and payable during the month of March. The evidence, without conflict, shows that plaintiff, who had for some time paid the dues and assessments of deceased, on March 25th called the recorder by telephone, and offered to pay the amount due, but was informed that the society could not accept the same until a new beneficiary had been designated by the member. Plaintiff, at the time, insisted upon paying the dues, but same were refused by the recorder.

2. INSURANCE: refusal to receive assessment.

It is true that plaintiff did not tender the exact change to the recorder, but this was unnecessary. Defendant was, at the time, claiming a forfeiture of the certificate of membership, and insisting upon the production of a health certificate before reinstatement. Nothing could have been gained by making a further tender. Plaintiff was given to

understand that the assessment would not be accepted until a new beneficiary was named. *Byram v. Sovereign Camp*, 108 Iowa 430. In oral argument, counsel for appellee contended that no assessment was levied against deceased that was payable during the month of May, but stipulated upon the trial that he paid all dues and assessments levied against him from May 1, 1910, to January 31, 1915. If no assessment was levied for which he was liable in May, 1910, the stipulation is too broad; but the jury might possibly have found, from the record before us, that an assessment was paid for that month in addition to the sum paid upon initiation.

II. The contention of appellant that defendant waived its right to demand prompt payment of dues and assessments cannot be sustained. *Conkling v. Knights & Ladies*, 183 Iowa 665, and *O'Connor v. Knights &*

3. INSURANCE: waiver of prompt payment.

*Ladies*, 178 Iowa 383, do not involve similar facts. While, upon the record before us, a jury might possibly have found that the payment made by the recorder at the request of plaintiff was, in fact, made after January 31st, plaintiff was notified that thereafter the member would be required to pay dues and assessments promptly. There was nothing in the transaction to mislead or lull her or the member into the belief that the payment of future assessments might be deferred beyond the time fixed by the by-laws of the society.

III. As the judgment of the lower court must be reversed, and the case remanded for a new trial, we do not adjudicate plaintiff's claim of waiver and estoppel, based upon the transaction of March 25th. For the reasons indicated, the judgment of the court below must be, and is,— *Reversed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.