Zimmerman, J.,
 

 dissenting. When long-recognized and well-established principles of law are applied to the facts of the instant case, an affirmance of the judgment of the Court of Appeals is required. In other words, Gholson Js release of Garber under the conditions described did not operate to discharge Savin, and Gholson was not barred from pursuing him further to procure the balance of the amount owed.
 

 The liability of Savin and Garber as lessee and assignee, respectively, was joint and several. Upon default, or breach of the lease, Gholson, as lessor, could have sued both in the same action, or could have sued each in a different action, being limited, of course, to but one satisfaction.
 
 Sutliff
 
 v.
 
 Atwood,
 
 15 Ohio St., 186, 194.
 

 Gholson proceeded to sue Savin and Garber separately, securing-judgment against each for a similar amount, and while he could not collect both judgments,
 
 he was entitled to satisfaction” in the amount of the debt.
 
 Therefore, when Gholson released Garber upon the voluntary payment of $2,000, which was only a part of what was found to be due,
 
 expressly reserving all rights against Savin in the instrument of release,
 
 it was plain he had no intention of cancelling the debt, and was not precluded from pursuing Savin for the unpaid balance thereof.
 

 In considering the question it is important to remember there was but
 
 partial
 
 payment by Garber. 34
 
 *564
 
 Corpus Juris, 722, Section 1113; 2 Freeman on Judgments (5 Ed.), 2344, Section 1126. “A partial payment is no satisfaction.”
 
 McVey
 
 v.
 
 Manatt,
 
 80 Iowa, 132; 136, 45 N. W., 548, 550; 31 American Jurisprudence, 354, Section 862.
 

 Although criticized, the rule still prevails in the great majority of jurisdictions that mere payment of a sum less than a liquidated indebtedness will not discharge such indebtedness, being without consideration, and the balance may be recovered. 35 Ohio Jurisprudence, 263, Section 19; 53 Corpus Juris, 1205, Section 16; 100 Am. St. Rep., 429, note; 119 A. L. R., 1123, annotation.
 

 At common law when two or more obligors or judgment debtors are bound jointly or jointly and severally, an unconditional release of one discharges the others. However, if a release given to one contains an express reservation of rights against the others, or an intention to hold them is clearly disclosed, the rule is different. 133 Am. St. Rep., 693, note; 7 Halsbury’s Laws of England, 455, Section 929; 53 Corpus Juris, 1251, Section 74; 23 R. C. L., 404, Section 33; 53 A. L. R., 1451, 1455, annotation;
 
 Barnett
 
 v.
 
 Conklin
 
 (C. C. A. 8), 268 F., 177
 
 (certiorari
 
 denied, 255 U. S., 570, 65 L. Ed., 791, 41 S. Ct., 375);
 
 Parmelee
 
 v.
 
 Lawrence,
 
 44 Ill., 405;
 
 Shriver
 
 v.
 
 Carlin & Fulton Co.,
 
 155 Md., 51, 141 A., 434, 58 A. L. R., 767;
 
 Dodson
 
 v.
 
 Continental Supply Co., 175
 
 Okla., 587, 53 P. (2d), 582;
 
 Pennington
 
 v.
 
 Bevering
 
 (Tex. Com. of Appeals), 17 S. W. (2d), 772;
 
 North Pacific Public Service Co.
 
 v.
 
 Clark,
 
 185 Wash., 132, 52 P. (2d), 1255;
 
 Johnson
 
 v.
 
 Stewart,
 
 1 Wash. (2d), 439, 96 P. (2d), 473;
 
 Castle
 
 v.
 
 Bilsky,
 
 50 Ontario Law Rep. (1921), 536, 67 Dom. L. Rep., 259.
 

 In the present case, Garber as assignee of the lease was the principal debtor, while Savin as lessee was in the position of surety.
 

 Under the weight of authority a creditor, in releasing the principal debtor, may reserve his rights against
 
 *565
 
 the surety, and by such reservation the surety may be held liable for the unpaid part of the debt. In the event he pays it he may look to the principal debtor for reimbursement. Such doctrine rests on the theory that the release is equivalent to a covenant not to sue the principal debtor, or that the principal debtor, by accepting such conditional release, impliedly assents that the surety’s right of indemnity shall not be impaired ; the surety not being injured should not be discharged.
 
 Bank of the United States
 
 v.
 
 Moskowitz,
 
 268 N. Y. Supp., 705, 711; Stearns Law of Suretyship (4 Ed.), 147, Section 102; 50 Corpus Juris, 116 and 183, Sections 196 and 302.
 

 While the above rule is not enthusiastically accepted by some authorities, they recognize it as firmly settled. 4 Williston on Contracts (Rev. Ed.), 3524, Section 1230.
 

 We agree with the majority of the court that Section 8084, General Code, known as the joint-debtor statute is not properly applicable to this case. The use of the words “other joint debtors” in that section has reference to those who are jointly indebted in the same manner as partners, and cannot be extended to include those who are jointly and severally indebted in the manner of a lessee and his assignee. The statute contemplates purely joint debtors where if one of them pays more than his proportionate share of an indebtedness he may have
 
 contribution
 
 from his codebtors. In a lessee-assignee relationship, such as exists here, if the lessee pays an indebtedness for which both he and his assignee are liable to the creditor, he may demand
 
 full indemnity
 
 from the assignee.
 

 Sections 8079 to 8084, General Code, constitute a distinct departure from the common-law rule as to the effect of a general release, but do not alter or change the rule as to the effect of a qualified release.
 
 Brown
 
 v.
 
 Pacific Coast Agency,
 
 53 Cal. App., 788, 200 P., 977, 978.
 

 
 *566
 
 Our conclusion is that the judgment of the Court of Appeals should he affirmed.
 

 Weygandt, C. J., concurs in the foregoing dissenting opinion.